# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEAN MYSLIVECEK, *et al.*,

    Plaintiffs,

vs.

FCA US LLC,

    Defendant.

Case No. 5:23-cv-12980-JEL-EAS

Hon. Judith E. Levy

Magistrate Judge Elizabeth A. Stafford

**DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT UNDER RULES 12(b)(1) AND 12(b)(6)**

## **TABLE OF CONTENTS**

A.Dismissal Under Rule 12(b)(1)..........................................................................1

B.Dismissal Under Rule 12(b)(6)..........................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Argabright v. Rheem Mfg. Co.*, 201 F.Supp.3d 578, 602 (D.N.J. 2016) ...................6

*Beck v. FCA US LLC*, 273 F.Supp.3d 735, 762 (E.D.Mich. 2017) ..........................5

*Best Way Expediting, LLC v. Navistar, Inc.*, 2018 WL 2067789, \*\*9-10 (Mich.App. 2018) .................................................................................................................6

*Cahen v. Toyota Motor Corp.*, 717 Fed.Appx. 720, 722-24 (9th Cir. 2017) ............3

*Crawford v. FCA US LLC*, 2024 WL 919830 (E.D.Mich. 2024)..............................4

*Cummings v. FCA US LLC*, 401 F.Supp.3d 288, 310-11 (N.D.N.Y. 2019)..............5

*Cunningham v. Ford Motor Co.*, 641 F.Supp.3d 400, 410-12 (E.D.Mich. 2022).....5

*Diaz v. Ford Motor Co.*, 2023 WL 6164455, \*3 (E.D.Mich. 2023).........................2

*Dillon v. Peak Envtl., Inc.*, 102 173 A.D.3d 1637, 1638 (N.Y.App. 2019) ..............7

*Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320-21 (6th Cir. 1999) ...............................................................................................................................6

*Flores v. FCA US LLC*, 2021 WL 1122216, \*9 (E.D.Mich. 2021).........................4

*Forjas Y. Macquinados, S.A. de C.V. v. Mectron Eng'ing Co., Inc.*, 2019 WL 498810, \*\*5-6 (E.D.Mich. 2019)......................................................................6

*Hadley v. Chrysler Grp., LLC*, 624 Fed.Appx. 374, 378 (6th Cir. 2015)......... 2, 3, 4

*Hall v. Gen. Motors, LLC*, 2020 WL 1285636, \*\*3, 9-10 (E.D.Mich. 2020)........6,7

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, – F.Supp.3d – , 2023 WL 6193020, \*\*12-13 (C.D.Cal. 2023) .................................................7

*In re Gen. Motors Air Conditioning Mktg. & Sales Prac. Litig.*, 406 F.Supp.3d 618, 628, 634-35 (E.D.Mich. 2019) ......................................................................5, 7

*Johnson v. FCA US LLC*, 555 F.Supp.3d 488, 505, 507-09 (E.D.Mich. 2021) .....5,7

*Kommer v. Ford Motor Co.*, 2017 WL 3251598, *4 (N.D.N.Y. 2017) ....................6

*McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751, 760-62 (E.D.Mich. 2019) ...........6

*Norman v. FCA US LLC*, – F.Supp.3d – , 2023 WL 6388926, **14-16 (E.D.Mich. 2023) ................................................................................................................5

*Raymo v. FCA US LLC*, 475 F.Supp.3d 680, 695 (E.D.Mich. 2020) ........................4

*Roe v. Ford Motor Co.*, 2019 WL 3564589, **4-7, 9 (E.D.Mich. 2019) ...............5,6

*Rutkofske v. Norman*, 114 F.3d 1188 (Table), 1997 WL 299382, **3-4 (6th Cir. 1997) ...............................................................................................................1

*Sharp v. FCA US LLC*, 637 F.Supp.3d 454, 466-67 (E.D.Mich. 2022) .................3,4

*Simpson-Vlach v. Mich. Dept. of Educ.*, 616 F.Supp.3d 711, 726-27 (E.D.Mich. 2022) ................................................................................................................2

*Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021) .........................................5

*Tarsio v. FCA US LLC*, 2024 WL 1514211, **4-5 (S.D.N.Y. 2024) .......................3

*Ward-Richardson v. FCA US LLC*, – F.Supp.3d – , 2023 WL 5767481, **4-5 (N.D.Ga. 2023) ................................................................................................3

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) .....................6

*Wozniak v. Ford Motor Co.*, 2019 WL 108845, *2 (E.D.Mich. 2019) .....................5

A. **Dismissal Under Rule 12(b)(1).**

The entire premise of Plaintiffs' claims is that FCA US issued three recalls to address potential manual clutch overheating issues: (1) Recall 20V-124, removing a clip in certain vehicles that could damage a reservoir hose, which does not even apply to the vehicles owned by Myslivecek, Busovicki, Caputo, and Schaffner since they were not built with that clip; (2) Recall 21V-028, providing software updates to help avoid overheating if the clutch is misused by a driver; and (3) Recall 23V-116, which simply expands the remedy under Recall 21V-028 to include not just software improvements and reimbursement for any prior repairs, but also a free replacement of the entire clutch assembly.  *See* ECF #21, at PageID.623-25.

Plaintiffs proffer absolutely no evidence to support the notion that the Recall 23V-116 repair remedy is somehow insufficient or fails to resolve potential clutch overheating in their vehicles.  *See, generally*, Plaintiffs' Response in Opposition to Motion to Dismiss ("Pl. Opp."), ECF #35.  On this factual attack on jurisdiction, that failure is fatal.  *See Rutkofske v. Norman*, 114 F.3d 1188 (Table), 1997 WL 299382, **3-4 (6th Cir. 1997) ("plaintiff must submit relevant evidence in response to such a [factual attack] or face dismissal").  Indeed, Plaintiffs' allegations fall far short of what is required to even plead standing or some non-moot claim.  ***None*** allege they have obtained the Recall 21V-028 repair, much less that they experienced clutch overheating after that repair.  *See, generally*, First Amended Class Action Complaint

1

("FAC"), ECF #19.[1]  Nor do Plaintiffs identify even a single instance where any other vehicle owner received that recall repair but found it insufficient.  *Id.*; *see also, generally*, Pl. Opp.  Instead, Plaintiffs just pretend, falsely, that FCA US has "admi[tted] that the Third Recall does not fix the Clutch Defect."  Pl. Opp., p. 5 (PageID.837) (citing FAC, ¶¶ 8, 57).  But, they plead no facts at all to support this bald conclusion.  *See*, *generally*, FAC.  Clearly, such conclusory allegations could never suffice to support a justiciable claim.  *See, e.g.*, *Simpson-Vlach v. Mich. Dept. of Educ.*, 616 F.Supp.3d 711, 726-27 (E.D.Mich. 2022).

As this Court, and a multitude of others, previously held, simply pointing to a NHTSA-supervised recall and speculating it may prove ineffective is insufficient.  *See* ECF #21, at PageID.631-35 (collecting cases).  Plaintiffs' argument they can establish standing with a vague allegation of "benefit of the bargain" damages (*see* Pl. Opp., pp. 2-5 (PageID.834-37)) is contrary to Sixth Circuit precedent.  *See Hadley v. Chrysler Grp., LLC*, 624 Fed.Appx. 374, 378 (6th Cir. 2015).[2]  Plaintiffs

---

[1] Even those Plaintiffs who allege they obtained a prior recall repair do not allege overheating afterwards.  Chow and Schaffner do not allege obtaining any recall repair.  *See* FAC, ¶¶ 15-16 (PageID.420-21).  Myslivecek, Busovicki, and Caputo seem to plead they obtained the Recall 21V-028 repair (the second recall), but allege random assorted issues like "slipping" or "a loss of torque," with no allegation that they ever returned to the dealership or otherwise had the cause of these issues diagnosed.  *See id.* at ¶¶ 12-14 (PageID.418-20).

[2] *See also, e.g.*, *Diaz v. Ford Motor Co.*, 2023 WL 6164455, *3 (E.D.Mich. 2023) ("Although Plaintiffs contend that they were injured by overpaying for their vehicles at the point of sale, they do not plausibly allege that such diminished value

2

try to escape *Hadley*'s reach by arguing the plaintiffs in that case "did not plead any facts in support of the allegation that they suffered a diminished value injury." *See* Pl. Opp., p. 7 (PageID.839) (quoting *Hadley*, 624 Fed.Appx. at 378). Certainly, the Sixth Circuit identified that as one of the fatal problems with the claims before it. But, in the very next paragraph of its decision, the court went on to explain that no such claim was even possible since the recall repair ***"removed the defect upon which the plaintiffs' diminished-value injury claim is based."*** *Hadley*, 624 Fed.Appx. at 378 (emphasis added). In any event, Plaintiffs certainly do not plead any facts – just bald conclusions – about such an injury here.[3]

Disregarding the overwhelming weight of authority in this Circuit, Plaintiffs argue they have standing anyway based on *Crawford v. FCA US LLC*, 2024 WL

---

will persist after the defective bushings are replaced by Ford."); *Sharp v. FCA US LLC*, 637 F.Supp.3d 454, 466-67 (E.D.Mich. 2022) ("this Court must follow the Sixth Circuit's decision in *Hadley*, holding that the injury is remedied by the repair of the defective part and any affected systems"); *see also Tarsio v. FCA US LLC*, 2024 WL 1514211, **4-5 (S.D.N.Y. 2024) ("As a matter of common sense … the economic loss injury based on the Vehicles' decreased value no longer exists if Defendant has, though the NHTSA-backed recall, offered to remove the complained-of Defect free of charge."); *Ward-Richardson v. FCA US LLC*, – F.Supp.3d – , 2023 WL 5767481, **4-5 (N.D.Ga. 2023) (adopting reasoning in *Hadley* that free recall repair "removed the defect upon which the plaintiffs' diminished-value injury claim [was] based," and dismissing case).

[3]*See, generally*, FAC; *see also Cahen v. Toyota Motor Corp.*, 717 Fed.Appx. 720, 722-24 (9th Cir. 2017) ("plaintiffs have not, for example, alleged a demonstrable effect on the market for their specific vehicles based on documented recalls or declining Kelley Bluebook values").

3

919830 (E.D.Mich. 2024) and *Raymo v. FCA US LLC*, 475 F.Supp.3d 680 (E.D.Mich. 2020). Both decisions, however, are clear outliers, and their analyses are predicated on the same misreading of *Hadley*. Both assumed the Sixth Circuit never addressed a situation where an injury at the time of sale was alleged. *See Crawford*, 2024 WL 919830, at *3 ("In *Hadley* … the defects did not exist at the time of purchase…"); *Raymo*, 475 F.Supp.3d at 695 ("Although *Hadley*, a Sixth Circuit case, is more on point, the plaintiffs in that case did not claim, as Plaintiffs in this case do, that their injury occurred at the point of purchase."). Yet, the Sixth Circuit **did** address that exact situation in *Hadley* with regard to the supplier co-defendant TRW, and found standing to be lacking. *See* 624 Fed.Appx. at 378 (affirming dismissal of claims against TRW even though they were premised on "the existence of the defective component ***from the moment of purchase***" (emphasis added)); *see also Sharp*, 637 F.Supp.3d at 467 (finding analysis in *Raymo* flawed and unpersuasive based on this error).

B.   <u>Dismissal Under Rule 12(b)(6).</u>

<u>*Express Warranty*</u> – Plaintiffs seem to acknowledge the written warranties for their vehicles do not cover design defects, and all they can point to are conclusory allegations about "manufacturing," which are insufficient. *See* Pl. Opp., pp. 12-14 (PageID.844-46); *Flores v. FCA US LLC*, 2021 WL 1122216, *9 (E.D.Mich. 2021). In any event, courts in this District are in accord that Plaintiffs' failure to present

4

their vehicles at a dealership for repair precludes any express warranty claim.[4]

*Implied Warranty* – Plaintiffs argue they have plausibly pleaded a lack of merchantability even though they do not allege they stopped driving their vehicles, cannot drive them, or have even returned to the dealership and requested a repair. *See* Pl. Opp., pp. 15-16 (PageID.847-48). Courts routinely reject such arguments. *See, e.g., In re Gen. Motors Air Conditioning Mktg. & Sales Prac. Litig.*, 406 F.Supp.3d 618, 628 (E.D.Mich. 2019); *Beck v. FCA US LLC*, 273 F.Supp.3d 735, 762 (E.D.Mich. 2017). And, to stave off dismissal of the New York claims, which plainly lack privity, Myslivecek and Schaffner needed to plead facts showing the selling dealerships were FCA US's agents – but no such facts are pleaded here. *See, e.g., Cummings v. FCA US LLC*, 401 F.Supp.3d 288, 310-11 (N.D.N.Y. 2019).

*Fraud Claims* – Plaintiffs effectively acknowledge they come nowhere close to meeting the standard set forth in *Smith v. Gen. Motors LLC*, 988 F.3d 873 (6th Cir. 2021) for pleading pre-sale knowledge. *See* Pl. Opp., pp. 20-21 (PageID.852-53). Their suggestions they need not satisfy this requisite, or can do so with bare conclusions, have been overwhelmingly rejected both before and after *Smith*.[5]

---

[4]*See, e.g., Cunningham v. Ford Motor Co.*, 641 F.Supp.3d 400, 410-12 (E.D.Mich. 2022); *Roe v. Ford Motor Co.*, 2019 WL 3564589, *9 (E.D.Mich. 2019); *Wozniak v. Ford Motor Co.*, 2019 WL 108845, *2 (E.D.Mich. 2019).

[5]*See, e.g., Norman v. FCA US LLC*, – F.Supp.3d – , 2023 WL 6388926, **14-16 (E.D.Mich. 2023); *Johnson v. FCA US LLC*, 555 F.Supp.3d 488, 507-09 (E.D.Mich. 2021); *Hall v. Gen. Motors, LLC*, 2020 WL 1285636, *3 (E.D.Mich.

Plaintiffs' arguments that Caputo has adequately pleaded pre-sale knowledge, and need not comply with the NJCFA's "knew with certainty" standard, because his purchase was "after the First Recall" (Recall 20V-124) are nonsensical. *See* Pl. Opp., pp. 21-22 (PageID.853-54). Caputo's model-year 2021 vehicle was not even built with the clip addressed by that recall. *See* ECF #22, ¶ 11 (PageID.651); *see also* FAC, ¶¶ 14, 43 (PageID.419-20, 429). And, Caputo does not allege his vehicle was still under warranty when he noticed "downshifting" issues (not overheating) and "faint burning smells" (which he never had diagnosed). *See*, *generally*, FAC.

While Plaintiffs argue that fraudulent inducement can be an exception to the economic loss rule, that exception does not apply where, as here, there are no facts pleaded to support any affirmative fraud, or where the alleged fraudulent inducement "concern[s] the nature and quality" of the goods at issue in the transaction and seeks the same damages as the contract claims.[6] As for their § 349 and § 350 claims,

---

2020); *Roe v. Ford Motor Co.*, 2019 WL 3564589, **4-7 (E.D.Mich. 2019); *McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751, 760-62 (E.D.Mich. 2019). Indeed, pre-sale knowledge is expressly required for any duty to disclose to arise under the laws of each of the states at issue. *See, e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) (California law); *Kommer v. Ford Motor Co.*, 2017 WL 3251598, *4 (N.D.N.Y. 2017); *Argabright v. Rheem Mfg. Co.*, 201 F.Supp.3d 578, 602 (D.N.J. 2016); *Best Way Expediting, LLC v. Navistar, Inc.*, 2018 WL 2067789, **9-10 (Mich.App. 2018).

[6]*See Forjas Y. Macquinados, S.A. de C.V. v. Mectron Eng'ing Co., Inc.*, 2019 WL 498810, **5-6 (E.D.Mich. 2019); *see also Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320-21 (6th Cir. 1999); *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, – F.Supp.3d – , 2023 WL 6193020,

Plaintiffs have not pleaded any facts to suggest they have been "limited [in] how they can use their vehicles." Pl. Opp., p. 23 (PageID.855).

<u>Unjust Enrichment</u> – Plaintiffs' claims are barred because there is no dispute the subject of their claims (*i.e.,* each of their vehicles) is governed by a written warranty – it does not matter that FCA US is seeking to ***enforce*** the terms of those contracts by moving to dismiss Plaintiffs' deficient warranty claims.[7]

## CONCLUSION

For the reasons set forth herein and in FCA US's opening brief, Plaintiffs' First Amended Class Action Complaint should be dismissed in its entirety.

Dated: April 26, 2024        Respectfully submitted,

**KLEIN THOMAS LEE & FRESARD**

By: */s/ Thomas L. Azar, Jr.*

| | |
|---|---|
| Fred Fresard (P43694) | Stephen A. D'Aunoy (MO/54961) |
| Ian Edwards (P82021) | Thomas L. Azar, Jr. (MO/56634) |
| 101 W. Big Beaver Road, Suite 1400 | 100 N. Broadway, Suite 1600 |
| Troy, Michigan 48084 | St. Louis, MO 63102 |
| (248) 509-9270 | (314) 888-2970 |
| Fred.Fresard@kleinthomaslaw.com | Steve.Daunoy@kleinthomaslaw.com |
| Ian.Edwards@kleinthomaslaw.com | Tom.Azar@kleinthomaslaw.com |

*Counsel for Defendant FCA US LLC*

---

\*\*12-13 (C.D.Cal. 2023); *Dillon v. Peak Envtl., Inc.*, 102 173 A.D.3d 1637, 1638 (N.Y.App. 2019).

[7]*See, e.g.*, *Johnson*, 555 F.Supp.3 at 505; *Hall*, 2020 WL 1285636, at \*\*9-10; *In re Gen. Motors Air Conditioning*, 406 F.Supp.3d at 634-35.

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 26, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Thomas L. Azar, Jr.*